STATE ex rel. RIVERA v. ESQUIBEL et al.

(No. 2374.     July 1, 1920.)

(Rehearing Denied July 12, 1920.)

SYLLABUS BY THE COURT.

1. Section 828, Code 1915, relative to election of trustees for the Cevilleta de la Joya land grant construed. Held, that it is the duty of the trustees to receive the vote of any voter at such election who files an affidavit to the effect that he is the owner of an interest in the land grant and that he is a qualified voter at such election, supported by affidavits of two other persons, qualified voters at such election, and that such trustees cannot refuse to count such votes so cast because in their judgment the voter is not qualified to vote.          P. 286

2. Under such section the trustees have no power to apportion the vote according to the interest owned by the voter in the lands of the grant; but each owner of an undivided interest in the grant is entitled to one vote, regardless of the extent of such interest.          P. 287

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Mandamus by the State, on the relation of Lorenzo B. Rivera, against Sylvestre Esquibel and others, Board of Trustees of the Cevilleta de la Joya Grant, to compel an election to be conducted according to statute. Judgment

for defendants, and both parties appeal. Reversed on relator's appeal, and affirmed on defendants' appeal.

JAMES G. FITCH, of Socorro, for appellant.

FRED NICHOLAS, of Magdalena, and RODEY & RODEY, of Albuquerque, for appellees and cross-appellants.

OPINION OF THE COURT.

ROBERTS, J. This was an action of mandamus upon the relation of Lorenzo B. Rivera against Sylvestre Esquibel and others constituting the board of trustees of the Cevilleta de la Joya grant, a Spanish grant located in Socorro county, this state, for the purpose of compelling the respondents to conduct an election, to be held on the last Monday in April, 1919, for the election of their successors, in accordance with the provisions of section 828, Code 1915. There were two grounds upon which the application for the writ was based: (1) That the board of trustees gave out and announced that they would not receive and count the votes of any save those whose names were recorded upon the list of owners prepared by the board, or such as the board might determine for itself were legally qualified voters at such election; and (2) that such board gave out and announced that it would not count each vote cast at such election as one full vote, but would count the same according to a resolution theretofore adopted by the board, fixing the ownership of an interest in the undivided lands of the grant equivalent to 4,050 acres of land as entitled to one vote, and the ownership of a less interest should be counted in proportion that such interest bore to said fixed amount of 4,050 acres.

An order to show cause was issued, and respondents admitted that they intended to conduct the election as charged in the petition, and attempted to justify under the provisions of sections 828 to 841, Code 1915. The court held as a matter of law that it was the duty of the board of trustees to count each vote as one full vote, regardless of the interest owned by the voter in the grant. It further held that it was the duty of the board to receive the ballot of any one offering to vote, although his

JANUARY TERM, 1920 · 285

State ex rel. Rivera v. Esquibel, 26 N. M. 283.

name was not recorded upon the list prepared by the board of those owning interests in the grant, if such proposed voter filed an affidavit showing his due qualification as such voter, supporting the same by the affidavits of two other persons, qualified voters at such election, but that the board of trustees was not required to count the ballot so cast, if satisfied that, notwithstanding the affidavits so filed, such voter was not the owner of an interest in such land grant.

Relator has appealed from the judgment entered, and here assigns as error the ruling of the court holding the board of trustees had the power to determine for itself the question as to whether a voter was qualified to vote. At the election in question 32 votes were cast upon affidavits, all of which the board refused to count, because it decided that the votes were cast by nonqualified voters. The district court held that this action of the board was proper, and it is to review this that relator prosecutes the appeal.

Respondents have taken a cross-appeal, in which they assign as error the judgment of the court, which required the respondents to count each vote cast as one full vote, regardless of the interest owned by the voter casting the same in the land grant.

The validity of the statute involved in this case is not questioned by either party. The determination of the two questions presented depends upon a construction of the language of section 828, Code 1915, which was originally enacted by the Legislature in 1905 as part of chapter 46, Laws 1905. This was an act to provide for the control and management of the Cevilleta de la Joya grant, an old Spanish grant made by the Spanish crown in the year 1819 to some 50 odd people, who had petitioned for it to the proper authorities, and confirmed by the Court of Private Land Claims in the year 1896. Section 828, supra, created a board of trustees to manage said grant, composed of five members, to be elected every two years, the election to be conducted by the board of trustees in office at the date fixed for such election. The

section of the statute involved in the determination of
the questions presented by this appeal, in so far as ma-
terial, reads as follows:

"Only those persons who own and · possess undivided in-
terests in the lands of said grant through mesne conveyances
or by inheritance from or through the original grantees, their
heirs or assigns, shall be qualified voters at such election for
said trustees; the vote of no other person shall be received or
counted by said trustees at said election. At least thirty
days before any such election said trustees shall cause a cor-
rect list, as far as possible, to be made of all persons entitled
to vote for trustees as above provided which said list shall be
used by the said trustees in holding said election and in de-
termining the qualification of voters thereat: Provided, that
any person who actually possesses the necessary qualifications
as a voter for such trustees at any such election, whose name
may not have been placed in said list, shall be entitled to vote
at said election, if he shall make affidavit before some person
authorized to administer an oath, showing his due qualification
as such voter and the same shall be corroborated by the
affidavits of two other persons who may be qualified voters at
such election; said affidavits to be in writing, signed by the
parties making the same, and delivered to the said board of
trustees at said election."

(**1**)  Relator contends that the language just quoted
requires the board of trustees to receive the ballot of any
person making the affidavit required and corroborating
the same by the affidavits of two other persons who may
be qualified voters at such election, and to count the
same. Respondents concede that the board is required
to receive the ballot, but insist, as held by the district
court, that, notwithstanding the reception of the bal-
lot, the board has the power to determine for itself
whether or not the vote was cast by a legally qualified
voter. We believe that the district court was in error in
placing this construction upon the statute. Had it been
the intention of the Legislature to invest the board with
the judicial power to pass upon the qualification of the
voters, it is not likely that it would have made the pro-
vision for the filing of the specified affidavits, and it
could easily have so provided. In the case of Territory
ex rel. v. Suddith, 15 N. M. 728, 110 Pac. 1038, the terri-
torial Supreme Court held that, where a ballot had been
received by the election judges and deposited in the bal-

lot box, the board had no authority to refuse to count the ballot. The same rule would apply here.

(2) We agree with the conclusion of the trial court upon the point presented by the cross-appeal. The language quoted supra from section 828, clearly implies that each owner of an interest, however large or small such interest in the grant may be, is entitled to one vote, and no more. If it be assumed, as it is in this case, that it is competent for the Legislature to regulate the management and control of land grants, such as the one in question here, and to provide for the qualification of voters at elections for trustees of such grants, it would necessarily follow that the Legislature would have the power to confer equal suffrage upon all owners of interests therein, or that it might in its discretion fix the value of the vote according to the interest owned in the grant. It has not seen fit, however, to do this, but has conferred equal voting power upon all owners of any interest in the common lands of the grant.

The judgment will be reversed on the relator's appeal, and affirmed as to the cross-appeal; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.